IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES L. BROWN, SR.,

                         Plaintiff,

         v.                                    CASE NO. 12-3122-SAC

SEDGWICK COUNTY SHERIFF'S OFFICE, et al.,

                         Defendants.


                         O R D E R

     This matter comes before the court on a form complaint seeking
relief under 42 U.S.C. § 1983, filed pro se by a prisoner confined
in the Sedgwick County jail in Wichita, Kansas.  Also before the
court is plaintiff's motion for leave to proceed in forma pauperis
under 28 U.S.C. § 1915.

     *District Court Filing Fee*

     Plaintiff must pay the full $350.00 district court filing fee
in this civil action.  *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing
a civil action or appeal in forma pauperis is required to pay the
full filing fee).  If proceeding in forma pauperis, plaintiff may
pay this filing fee over time, as provided by payment of an initial
partial filing fee to be assessed by the court under 28 U.S.C. §
1915(b)(1) and by periodic payments from plaintiff's inmate trust
fund account as authorized in 28 U.S.C. § 1915(b)(2).

     Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to
assess an initial partial filing fee of twenty percent of the
greater of the average monthly deposits or average monthly balance

in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records provided for that relevant period, the court finds the average monthly deposit to plaintiff's account is $82.83 and the average monthly balance is $148.42.  The court therefore assesses an initial partial filing fee of $29.50, twenty percent of the average monthly balance, rounded to the lower half dollar.

*Initial Review of the Complaint*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  *See also* 28 U.S.C. § 1915(e)(2)(B)(a complaint may be dismissed on initial review if the claim is malicious or frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir.1991).  Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

In the present case, plaintiff is confined in the Sedgwick County facility as a pretrial detainee, pending resolution of criminal charges against him.  He alleges constitutional defect in the affidavit supporting the arrest warrant, unlawful delay before his preliminary hearing, and confinement conditions that threatened his life for two days until he was placed in protective custody. Plaintiff seeks damages, his release, and the dismissal of all charges.  The defendants named in the complaint are the Sedgwick County Sheriff's Office, a Sedgwick County detective, and two individuals identified as attorneys in the Sedgwick County District Attorney Office.

Having reviewed plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed for the following reasons.

First, to the extent plaintiff seeks his release and dismissal of all criminal charges, his exclusive remedy lies in habeas corpus after first exhausting state court remedies.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004)(*citing Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

Second, to the extent plaintiff seeks damages, no viable claim is presented against any named defendant.

The Sedgwick County Sheriff's Office should be dismissed because this is not an entity that can be sued under § 1983. *See Wright v. Wyandotte County Sheriff's Department*, 963 F.Supp. 1029, 1034 (D.Kan.1997)(Sheriff's Department is subunit of the County and is not itself capable of being sued).

The two Sedgwick County prosecutors named as defendants should be dismissed because plaintiff's claim for damages is barred by prosecutorial immunity. *See Kalina v. Fletcher*, 522 U.S. 118 (1997)(absolute immunity protects prosecutor's conduct in connection with preparation and filing of charging documents); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)(prosecutor entitled to absolute immunity when activities intimately associated with judicial phase of criminal process).

And finally, plaintiff's claim for damages for being denied his liberty pursuant to an invalid warrant containing false allegations fails to state a constitutional deprivation where there is no suggestion that plaintiff's preliminary hearing did not result in a judicial finding of probable cause for plaintiff's arrest and detention. *See Gerstein v. Pugh*, 420 U.S. 103, 112 (1974)(judicial determination of probable cause protects against unnecessary state infringement on individual's right to liberty). Moreover, an officer seeking an arrest warrant is shielded by qualified immunity absent a showing "the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986). *See also Heck v. Humphrey*, 512 U.S. 477 (1994)(if judgment would necessarily implicate the validity of a criminal conviction or

sentence, a cause of action for damages does not arise until the conviction or sentence has been reversed, expunged, or otherwise invalidated).

### Notice and Show Cause Order to Plaintiff

The court thus directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief.[1] 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).[2]  The failure to file a timely response may result in the complaint being dismissed without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, that pursuant to 28 U.S.C. § 1915(b)(1) plaintiff is to submit within thirty (30) days an initial partial filing fee of $29.50, and that payment of the remainder of the district court filing fee is to be paid as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be dismissed as stating no claim for relief, and that plaintiff's motion for

---

[1] Plaintiff's motion for appointment of counsel is denied without prejudice to plaintiff renewing his motion if the complaint is not summarily dismissed pursuant to §§ 1915A(b) and 1915(e)(2)(B).

[2] Plaintiff is advised that dismissal of the complaint as stating no claim for relief will count as a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

appointment of counsel (Doc. 3) is denied without prejudice.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

DATED:  This 12th day of June 2010 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge